FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AUG 30 2016
BY
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Jeremy Wimberly
Plaintiff

1:16cv161

V.

Civ. ~~1:16cv277~~

Michelle Englade ET. AL.
Defendant

1983, 1985 2, 1985 3, 1986
Bivin's Action

MOTION TO TEMPORARY STAY THE PROCEEDING'S:

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Jeremy wimberly, the Plaintiff, pro-se, Respectfully Moves this Honorable Court to temporary Stay the proceeding. In Support there of, Plaintiff will Show this Court As Follows

1. On August 23, 2015. The plaintiff placed his Civil Suit in the Above cause of Action, in the prison mail box At U.S.P. Mccreary

2. The plaintiff's Civil suit has Approximately 35. defendants From Several different county, State, Federal Agency's.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 30 2016

DEPUTY

3. The plaintiff has had a very limited Ammount of time in A law library within the Past 9 months.

4. The plaintiff's Civil suit involves Mutiple Agencys from mutiple jurisdiction's, And the plaintiff is still currently in the process of exhausting And he would like to respectfully request for this Honorable Court For A stay to the proceeding's untill he is done exhausting.

5. Upon Completion of exhausting. The plaintiff Will notify this court And request to lift the stay.

6. This Motion is made in the interest of justice And not Meant to delay the proceeding's.

Wherefore, based on the Above, Jeremy Wimberly, the plaintiff. Urge's this Honorable court to GRANT this Motion to temperary stay the proceeding's. under penalty of perjury 28 U.S.C. 1746

Respectfully Submitted on this 23 day of May 2016

JEREMY WIMBERLY 08941078 PRO SE
U.S.P. McCreary
P.O. Box 3000
Pine Knot Ky 42635

X [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JEREMY WIMBERLY
PlAintiFF

CiV- __________

1983) 1985(2) 1985(3) 1986)
Bivin's Action

V.

Defendant's

Michelle Englade. Assistat united state's Attorney Beaumont TX. Div.
Robert Strause. narcotic's LT. For Orange co. sheriffs' dept.
Tracy Sorge. narcotic's sergent orange co. Sheriff's dept.
Philip Smith. DEA Agent For Beaumont TX. Division
Thomas Burbank. C.J.A. Attorney
Mitch Templeton. C.J.A. Attorney
Baylor Wortham. Assistant U.S. Attorney for Beaumont TX Div.
DeWayne Perkins. Narcotics officer For Orange co. sheriff's Dept.
Lauren Gaston. Assistant U.S. Attorney For Lufkin TX Div.
Robert Wells. Assistant U.S. Attorney For Lufkin TX Div.
Christina Bickham. Court reporter. U.S. Dist. court BMT. Div.
William Barlow. Attorney For U.S. Witness Chris Kelley
Jessica Smith. United States witness
Anthony Elyas. United states witness
Chris Kelley. United states witness



John Tarver. Chief. For the orange co. sheriff's dept.

Jimmy Samual united States witness

Abbra Tullos. Confidential informant for DEA & u.s. Attorney's office

Keith Merritt. Sheriff for orange co. sheriff's dept.

Laughlin. narcotic's officer for orange TX.

McBride A.T.F. Agent for Beaumont TX. Div.

Ledeaux. K-9 officer for Beaumont City police

Bonner. C.J.A. Attorney for u.s. witness Anthony Elyas

Clark Deputy for the orange co. Sheriff's dept.

unknown name. captain, for the orange co. sheriff's Dept.

John Bales ~~unknown name~~. United states Attorney. For Beaumont TX. Div.

unknow name. United states Attorney. For Lufkin TX. Div.

unknown name. Assistant u.s. Attorney. Supervisor Beaumont TX. Div.

unknown name. Assistant u.s. Attorney supervisor. Lufkin TX Div.

unknown name DEA. Supervisor. For Beaumont TX. Div.

unknown name. A.T.F. supervisor. For. Beaumont TX. Div.

unknown name. C.J.A. Attorney. For u.s. witness Jessica Smith

unknown name. Attorney for u.s. witness. Jimmy Samual

unknown name. DEA Agent. At u.s.p. Pollock in December 2015

unknown name DEA LAB Tech

Two unknown Investigator's At u.s.p. Pollock December 2015

And others both known and unknown at this time.

INTRODUCTION

Comes Now, Jeremy Wimberly. The Above named Plaintiff. In the Abac named Cause of Action. 1983, 1985(2), 1985(3), 1986, Bivins Action.

Is pursuing this claim Against the Above named defendant's. In their individual And offical capacity. While working under the color of County, State And Federal law. It's custom's And policie's, Rule's And Regulation's. Where he is entitled to redress.

Each of these named defendant's job title's that they were working under And sheilded by, At All times relevant to this Action. Are listed by their name's within the Caption of this Action. This Action is in relation to Crimial Cause # 1:13-cr-110-1-RC-KFG

JURISDICTION

Jurisdiction can be found pursuant to 18 United States Code 1331. As this court

is within the bound's of the United State's of America.

In Addiction, venue is proper. As these Action's occurred in the EASTERN DISTRICT OF TEXAS. However, the plaintiff is currently sitting in diversity. In Pine Knot Kentucky. He is an American citizen.

FACTS

(1) At All time's relevant to this Action the Above named defendant's were partner's in A Conspiracy to deprive the plaintiff of his liberty interest that was suppose to be sercured to him by the 14th Amendment of our United State's Constitution.

(2) At All ~~the~~ time's relevant to this Action the Above named defendant's deprived the plaintiff of his life And liberty interest without the Due process And equal protection's of the laws



(3) At All times relevant to this Action the Above named defendant's deprived the plaintiff of his 4th Amendment right to privacy and 14th Amendment right to Due process And equal protection of the law. After they conducted A False Arrest ~~on~~ ~~defendant~~ defendant And then ultimately used Falsified Fact's within An Affidavit to obtain A warrant to Audio record the plaintiff.

(4) At All times relevant to this Action the Above named defendant's deprived the plaintiff of his 14th Amendment right to Due process And equal protection of the law. After they used the presentation of fabricated And misleading evidence to A Federal grand jury in order to establish probable cause to obtain An indictment Against the plaintiff. and without the fabricated And misleading evidence then there would not have been probable cause to have detained the ~~p~~ plaintiff. The plaintiff is not suppose to be in prison.



(5) At All time's relevant to this Action. The Above named defendant's have deprived the Plaintiff of his 6th Amendment right to A Fair trial. After they used bribery of witnesses, withholding exculpatory evidence and interference with defence counsel to convict the Plaintiff. And then sentence him to "LIFE" of imprisonment.

(6) At All time's relevant to this Action. The Above named defendant's Conspiracy is still currently on going and running. For they have continued to keep the Plaintiff detained while they run An on going investigation.

(7) At All time's relevant to this Action. The Above named defendant's Action's were motivated by the Fact of the Plaintiff is unfortunately A lower class white Recidivist offender.

(8) At All time's relevant to this Action the Above named defendant's were partner's in A Conspiracy to intimidate witnesses



from testifing in the plaintiff's behalf. And to intimidate witnesses to testify in their ~~[illegible]~~ behalf. The plaintiff's injuries can be redressed by a favorable outcome to this Action.

(9) At all times relevant to this Action. The Above named defendant defendant's deprived the Plaintiff of his 1st Amendment rights to be free of; Retaliation, Defamation of character, to have Free Access to the courts.

(10) At All times relevant to this Action. The defendant's have deprived the plaintiff of his 4th Amendment rights to privacy. To be free of ill legal Search And Seizure.

(11) At All time's relevant to this Action. The Above named defendant's deprived the plaintiff of his 5th Amendment right to Due process.

(12) At All times relevant to this Action. The Above named defendant's deprived the Plaintiff of his


6th Amendment right of an effective Assistance of Counsel. And interference with his right to legal Counsel. And his right to a Fair trial

13) At All times relevant to this Action. The Above Named defendant's deprived the plaintiff his 8th Amendment right to be Free From Cruel and Unusual Punishment And to be Free of Intentional infliction emotional distress.

14) At All times relevant to this Action. The Above named defendent's deprived the plaintiff of his 14th Amendment right to Due Process and equal protection of the laws

MATERIAL FACTS AS THEY ARE RELATED TO THE FACTS

1) Dewayne Perkins. ORANGE Co. Sheriff's dept. Narcotic's. Conspiracy, 4th Amendment violation, Intentional infliction of Emotional distress

On or About April 2013

Officer Perkins conducted an illegal traffic stop on the vehicle that was being driven by the plaintiff. The stop was conducted without probable cause. which was in violation of the plaintiff's 4th Amendment's right to be free from illegal traffic stops.

Officer Perkins gained permission to search the vehicle from the owner. Mary Ann Frezit. Several officer's conducted a search and nothing was discovered. It was then discovered that the plaintiff had a warrant for failure to Id. and he was then placed under arrest.

officer Perkins issued a traffic ticket. which is still currently pending in Orange County.

(2) Robert Strause, Orange county sheriff's dept. Narcotic's

Conspiracy. 4th Amendment violations. 1st Amendment violations 6th Amendment violations. 14th Amendment violations. 5th Amendment violations. False complaints. False Arrest. Excessive Force. Intimidation of witnesses. Intentional infliction of emotion distress

On or About April 2013

LT. Strause Arrived At the Scene of where officer perkins had the plaintiff's vehicle Stopped. LT. Strause Conducted his own Search of the vehicle that the plaintiff had been driving. And he immediately discovered something that he Claimed to be Methamphetamine

LT. Strause Failed to Follow the rules And regulations And Policies of being A police officer And A "Supervisor" over the rest of the narcotics officers. When he Failed to conduct A Field test on whatever substance that he "Allegedly" found.

Instead. LT. Strause placed both parties under Arrest. For being in possession of Methamphetamine

This was in violation of the plaintiff's 14TH Amendment right to be free of A False Arrest.

On or About August 2013

LT. Strause recruited Confidential informant Anthony Elyas. and he brought up the plaintiff's name As A "TARGET".

This was in violation of the plaintiff's 4TH Amendment right to be A "target" without probable cause.

LT. Strause was motivated to "target" the plaintiff because he was a lower class white recidivist offender.

On September 16, 2013 LT. Strause filed an affidavit with a Justice of the Peace, to obtain a warrant to audio record the plaintiff in order to conduct an alleged purchase of 14 grams of methamphetamine. And using confidential informant Anthony Elyas. But the affidavit was filled with lie's. It stated that LT. Strause arrested the plaintiff in April 2013 in possession of methamphetamine. After a traffic stop. And #2,500 buck's. Both the traffic stop and drug charge were baseless. So this was in violation of the plaintiff's 14th Amendment right to the equal protection of the law aswell as, as his 4th Amendment right to privacy. Because without the lie's in the affidavit. It wouldn't of had standing to obtain a warrant to audio record the plaintiff. It isn't illegal to obtain #2,500. The plaintiff just had to sell his vehicle.



On Septemer 17, 2013

LT. Strause, obtained A Warrant to video record the plaintiff. The probable cause was the Audio recording of the alleged 14. gram purchase from the day before.

Again, using "Elyas" LT. Strause Conducted An Alleged purchase of 28 grams of Methamphetaimine. But the plaintiff was not immediately Arrested. Instead, LT. Strause Consulted with Assistant U.S. Attorney Michelle Englade. And At her order's LT. Strause made Arrangement's for "Elyas" to purchase an addictional 84. grams of Methamphetamine.

On October 23, 2013

LT. Strause using, "Elyas" Conducted A purchase of An Alleged 84. grams of Methamphetamine from the plaintiff. And it was Captured on A pin hole video recorder. 4th Amendment violation's.

As the plaintiff departed from Elyas' residence. Authoritie's Attemped to Conduct A traffic stop on the plaintiff's

vehicle. But officer's engaged into a high speed pursuit that ended after the plaintiff stopped his vehicle and ran into a wooded area. where he was later discovered by a K.9 search team.

The plaintiff was hiding next to a fallen tree. But as soon as he noticed the authorities and the K.9 had located his Tee-shirt on the ground approximately 50 feet away from him. The plaintiff immediately sat up on his rear end and yelled out loud "Here I am with my hands above my head. Do not shoot me"

But, LT. Strause, then tapped the K.9 officer on his shoulder and motioned for him to turn lose the K.9.

The plaintiff wind up with approximately 25 staple's to his left leg. Because the officer's allowed to the K.9 to continue to bite the plaintiff for awhile prior to them obtaining the dog.

(3) Philip Smith, DEA. Beaumont TX. Div. Conspiracy. 14th Amendment violation's, Intentional infliction of emotional distress

On October 25, 2013

Mr. Smith, Filed A False Complaint that was supported by an Affidavit that contained lie's. That were used to indict the Plaintiff.

The Affidavit|complaint stated that A police offender had observed the plaintiff throw A pistol. A black Ruger 9mm. out of the passeger side window of his vehicle while in the westbound lane. And that the pistol had went onto the right hand side of the roadway.

But the Ruger 9mm was not discovered on the westbound lane. It had been discovered on the eastbound lane an hour after the plaintiff's vehicle departed the interstate. And because an unidentified civilian reported it to the dispatcher. That there was a "gun" in the eastbound side of the interstate. The Plaintiff's fingerprint's were not discovered on the Ruger 9mm.

The Affidavit|Complaint stated that the passeger Jessica Smith, observed the plaintiff throw A Fanny pack out of the vehicle during the pursuit. In the exact location of where it had been discovered at 2o. hour's after the

plaintiff was in jail. It contained 564 grams of "Meth".

But the dash cam video of the pursuit from Sergent Sorges patrol unit shows that after the plaintiff's vehicle passed the area that the fanny pack had not even been out there.

The plaintiff's fingerprints were not discovered on the fanny pack nor any of the plastic drug packaging inside of it. But there were someone else's fingerprints that were discovered on the plastic drug packaging but authorities failed to disclose those prints.

The affidavit/complaint state that the plaintiff had distributed 84 grams of "Meth" to a confidential informant. But the prosecution didn't even have a cooperation agreement with Anthony Elyas to be a witness untill nearly a year later. And only after they violated public law 18 U.S.C. 201 c.2, The Federal Anti Bribery of a witness statue.

This was in violation of the plaintiff's 14th amendment rights to Due Process and equal protection of the law. To be deprived of his liberty without the promises of first being indicted by probable cause.

(4) [illegible]

Michelle Englade. Assistant united state's Attorney
Conspiracy, 5th and 14th amendment violations, 1st Amendment violation's, 6th Amendment violation's, Intention Infliction of Emotional distress.

On November 6, 2013.

Ms. Englade, indicted the Plaintiff based off of Fact's that she had known were Fabricated.

This was in violation of the Plaintiff's 14th amendment right's to due process and equal protection of the law, To be deprived of his life and liberty by the use of lie's, and without probable cause. It was also in violation of the rules and regulation's of being a prosecutor.

(5) Robert Strause
(Adopted From #2)

On November 9, 2013

LT. Strause Filed a police report that he had known was based off of Fasified

facts. The police report stated that United States witness Jessica Smith stated that as the plaintiff turned his vehicle onto County Road 7079. That he threw the Fanny pack out of the driver's side window of the car and back over the right top side and that the Fanny pack had went next to the telephone pole.

Now that telephone pole was 127 feet away from the driveway of where the plaintiff car had passed down the day before. And a K-9 Search team searched the entire area the night before. Aswellas, the dash cam video of the police pursuit clearly proved that the Fanny pack was not out there anywhere's after the plaintiff's vehicle passed the area.

LT. Strave's report stated that Sergent Tracy Sorge observed the plaintiff throw a black Ruger 9mm pistol out of the passeger's side window in the westbound lane.

This was in violation of the rules, regulations and policie's of being a police officer to file a report that was based off of known lie's or fact's that were not accurate with the fact's of the case.

Aswellas, the rules, regulations, policie's of the Sheriff's department and as being a narcotic's officer's supervisor to turn over a case to be prosecuted when there wasn't a chain of custody on or the evidence that linked it to the suspect.

This was in violation of the plaintiff's 14th Amendment right's of Due process and equal protection of the law. To deprive the plaintiff of his liberty interest without Dueprocess.

(6) Jessica Smith. United States witness
Conspiracy. 14th and 5th amendment violations

On or About November 9, 2013

Ms. Smith, provided a False Statement against the Plaintiff. She stated in a written statement, Aswellas, a video recorded interview that she observed the Plaintiff throw the fanny pack out in the exact same area of where it had been discovered at the next day.

Ms. Smith, also, advised, LT. Strause. that she did not observe the plaintiff throw the black Ruger 9mm out of the vehicle. and when LT. Strause asked her

the color of the Ruger 9mm. Ms. Smith, stated that it was "Crome" in color.

This was in violation of the Plaintiff's 14TH Amendment right's to Dueprocess and equal protection of the law. To be free from False Statements, Aswellas, his 1ST Amendment right's to be Free From Defamation of character. Ms. Smith, Also violated State law to provide a False statement. which resulted in the plaintiff being deprived of his liberty interest.

(7) Tracy Sorge, Orange co. Sheriff's dept. Narcotic's Sgt. Conspiracy. 5TH Amendment 14TH Amendment. 1ST Amendment Intentional Infliction of emotional distress

on or About November 13, 2013 Sergent Sorge provided A False Police report against the Plaintiff. when he Claimed to have observed the Plaintiff throw a black Ruger 9mm pistol out of the "drivers" side window while traveling westbound. And that the pistol Flew over the Median And onto the eastbound side of the interstate.

This was in violation of the Plaintiff's



14th Amendment rights to be free from false complaint's, false arrest. And to the equal protection of the law. Sergent Sorge's false report resulted in the plaintiff being deprived of his life and liberty interest.

(8) Michelle Englade
(Adoupted From #4)

On or About January 2014.

Ms. Englade contacted Anthony Elyas, to be a witness for the united state's but he refused to cooperate.

The agreement that Mr. Elyas had with Lt. Strause and the orange co. sheriff's dept. was one that did not require for Mr. Elyas to be a witness had the plaintiff gone to trial. And that promised Mr. Elyas confidentiality.

The orange co. sheriff's dept. dismissed a pending possession of "Meth" case against Mr. Elyas for his assistance with the investigation of the plaintiff.

(9) Mitch Templeton. C.J.A. appointed attorney
Conspiracy. 6th Amendment violations. 14th Amendment violations

Feburary 2014

United States Witness Jessica Smith, went into, Mr. Templeton's, office and provided "Sworn" testimony to A Court reporter. And she admitted that the plaintiff did not throw the Fanny Pack out of the vehicle as she stated to, Lt. Strause, in her statement's. Ms. Smith, Agreed to become A defence Witness and testify to the "Sworn" testimony that she provided.

Ms. Smith, Also advised, Mr Templeton, that Lt. Strause, had coerced her into providing the earier false statements.

But, Mr. Templeton, Failed to report the crime to the Authorities and he failed to get it on the record during, Ms Smith's, Sworn testimony. Because he did not want to make anyone lose their job. That is what he advised the plaintiff.

This was in violation of the plaintiff's 14th Amendment rights to equal protection of the law, aswell as, his 6th Amendment right to an effective assistance of counsel. Mr. Templeton failed to provide the plaintiff with another palm print test after the prosecutor claimed the first two were unusable.

(10) Robert Strause
(Adoupted From #2)

MARCH 2014

LT. Strause, arrested, confidential informant, Anthony Elyas, after he discovered a "sawed off" shotgun in his backyard on the outside of his home.

(11) Michelle Englade
(Adoupted From #4)

April 2014

Ms. Englade, indicted, Anthony Elyas, on the Felon in Possession of a Firearm case, and she immediately applyed the Armed career and the career offender sentence enhancements to his case as a way to intimidate him ~~[illegible]~~ into cooperating and being a witness. Because, Mr. Elyas, didn't even have the past criminal history predicates to have legally received the sentence enhancements.

This was in violation of Public Law 18 U.S.C. 201 (c)2. Bribery of a witness.

(12) Robert Strause (Adoupted From #2)
Michelle Englade (Adoupted From #4)

May 2014

The plaintiff was being detained and the entire time exercising his constitutional right's and refusing to plea guilty to an indictment that had been established by fabricated and misleading evidence to begin with. And that was both malicious and vindictive.

So, CT. Strause, targeted the plaintiff's 18 year old daugther and her mother, and raided their home. And discovered a small amount of "Meth" in the Mother's room.

And, without probable cause he arrested the plaintiff's daugther on possession of Meth" charge's. For which, the case was eventually dismissed on his daugther.

There was a casual link between the plaintiff excercising his constitutional right's and his daugther being arrested.

This was in violation of the plaintiff's 1st Amendment right to be free of Retalalation.

Ms. Englade, had the plaintiff transfered farther away from his home, by two extra hours.



And then Placed in solitary Confinement. All just because of the plaintiff would not plea guilty And insisted on a jury trial.

Ms. Englade, Superseded the Plaintiff's indictment three times. To include. Branishing And carry And use to count two, possession of A Firearm in relation to A drug offence. And then A Count Four. Conspiracy. Aswells, Filed For An 851 sentence enhancement. To make certain the Plaintiff would receive an Automatic "life" term.

There was A casual link between the excercising of the Plaintiff's Constitutional right's And Ms. Englades retalalation.

This was in violation of the plaintiff's 1st amendment right to be of Retalalation And his 6th Amendment right to be Free of A Vindictive Prosecution.

(13) Michelle Englade, Tracy Sorge, Jessica Smith. (Adopted From #2, #3, #5)

July - August 2014

In, July of 2014, Ms. Englade repaneled A Federal grand jury. And she granted Tracy Sorge, immunity, to testify Falsely before the grand jury. That he observed the plaintiff throw the Luger 9mm pistol out of the driver's side window during the pursuit.

Ms. Englade, had known that it was a lie. And she permitted, defence witness Jessica Smith, switch back over to become A witness for the United States. After she had been threatened by CT. Strause.

Ms. Englade, violated the rules, regulations to Allow Ms. Smith, to become A "Hostile" witness And Commit perjury before A United State's Federal grand jury.

This was in violation of the plaintiff's 14th Amendment right to due process and the equal protection of the law.

In, August 2014.

Ms. Englade, mailed, Anthony Elyas' Attorney, Mr. Bonner, A letter And Advised

him that if, MR. Elyas, Would Agree to be A witness For the United States And testify in their behalf at the Plaintiff's trial then they Would grant him A promised Favorable plea bargain. But the Plea bargain would be granted And determined by the outcome of the Trial

A week later the United States And MR. Elyas, entered into A Plea Agreement that dropped both of the career offender Sentence Enhancements in exchange For his Favorable testimony At the plaintiff's trial.

MS. Englade, Finally turned over the Plaintiff's Pretrial discovery to his Attorney MR. Burbank. But it took her 11 Month's to do so. Had, MS. Englade, provided the Plaintiff's Attorney with the pretrial discovery Alot Sooner. Then the Plaintiff could've had An opportutity to review the evidence Against him prior to trial And discovered that he was Actually being detained As A violation of "due process" And he could've Made

that his Attorney Failed the proper pretrial Motion's to dismiss the indictment. And then the plaintiff would've been released from detention. But since Ms. Englade, failed to turn over the pretrial discovery and she then had a protection order placed on the discovery. To keep the plaintiff from discovering their crimes.

The plaintiff wind up being convicted and received a life sentence.

This was in violation of the plaintiff's 1st Amendment right to have Free Access to the courts.

(14) Michelle Englade, Tracy Sorge, Jessica Smith, (Adopted from # 4, # 5, # 6)

September 2014

Ms. Englade, granted four United State's witnesses's immunity in exchange for testimony that was known to be perjury. Jessica Smith, Tracy Sorge, Jimmy Samual Anthony Elyas. This was in violation of

the plaintiffs 6th Amendment right to A FAIR TRIAL And his 14th Amendment right to equal protection of the law. And Public Law Bribery of witness Statue's. 6th Amendment to be free of a Malicious prosecution

Ms. Englade, Also withheld exculpatory evidence. The Finger prints that were recovered From the plastic drug packaging. The plaintiff provided his Attorney Mitch Templeton with his palm print Sample's in Feburary of 2014. But he later Claimed that the prosecutor Claimed that the Sample's Were not usable, And, refused to permit the plaintiff to provide Another Sample.

(14) Thomas Burbank, C.J.A. Attorney, Intention Infliction of emotional distress Conspiracy, 1st Amendment Violations, 5th & 14th Amendment, 6th Amendment Violations.

MAY - September 2014

Mr. Bubank, Failed to Move to suppress the testimony of Four goverment witnesses that testified to known perjury. He Failed to Move to suppress the Luger 9mm And the Fanny Pack (564 grams of Meth) on the grounds of they did not have A chain of custody.

Mr. Burbank. failed to impeach, Jessica Smith, Anthony Elyas, Tracy Sorge, during cross exam.

He Failed to explain to the jury that the dash cam video proves that the Fanny Pack wasn't out there after the Plaintiff's vehicle passed the area.

He refused to permit the plaintiff to review his pretrial discovery or advise the plaintiff of all of the contents of his pretrial discovery untill after trial had begun.

He Failed to advise the plaintiff of several Plea offer's made by the prosecution.

Mr. Burbank, had agreed to a redacted verison of the dash cam video's of the police pursuit.

He agreed with the prosecutor to "cutout" the part of the video that proved the fanny pack wasn't out there.

He permitted Jessica Smith, to testify that the sworn testimony that she provided to Mr. Templeton was the lie.

This was inviolation of the plaintiff's 1st Amendment right to free access to the court. 5th and 14th Amendment right to Due Process and equal protection of the law. 6th Amendment right by interference to an effective counsel



had Mr. Burbank done his job And put the goverments case to an adversarial test. Then the plaintiff wouldn't be in prison today.

(15) Abbra Tullos. Confidential Informant. (DEA. U.S. attorney) Conspiracy. 4th Amend. 5th and 14th amend.

At orders of Assistant U.S. Attorney Michelle Englade. Ms. Tullos, went to visit the plaintiff At U.S.P. Pollock. In December 2015. And she wore A "wire" For the DEA. And, she was instructed to Attemp to get the plaintiff to discuss An Alleged past drug transaction. Ms. Tullos, Also "spiked" the plaintiff's soft drink with Stimulutes provided to her by DEA.

The next day she Forwarded inmate's At the prison Email's that were lie's And Accused the plaintiff of Abusing her. The e-mail's Almost caused the plaintiff to be Murderd. Ms. Tullos, sent the e-mail's so the plaintiff would wind up in A Special housing unit Cell. So it could be "bugged" by DEA.

(16) DEA Agent At U.S.P. Pollock December 2015 Conspiracy. Due Process. 4th Amend.

This is the Agent who wired Ms. Tullos and the Special housing unit cell. 4th Amendment right to privacy and his 14th Amendment right to Due process. He "bugged" the Plaintiff's "SHU" cell. After Ms Tullos sent the e-mails to other inmates and After the Plaintiff was Almost Murdered.

(17) Baylor Wortham. Assistant U.S. Attorney. Conspiracy. 14th Amendment. Intentional Infliction of emotional distress

Mr. Wortham. Assisted in the prosecution of the Plaintiff.

Mr. Wortham, Misadvised, Judge Clark, At the plaintiff's pretrial, on August 22, 2014, When he lied And Said that their wasn't Any Fingerprint evidence in the Plaintiff's CASE.

Mr. Wortham Also, Solicited perjury From United State's Witness, Anthony Elyas. At the plaintiff's trial. He Asked Mr. Elyas, on direct exam was he receiving Any benifit on his current Felon in possession of A Firearm CASE in exchange for his testimony And Mr. Elyas, responded that "No" he was not.

This was in violation of the plaintiff's 14th Amendment right to the equal protection of the law.



(18) Lauren Gaston. Assistant U.S. Attorney.
Conspiracy. 14th Amendment. Intentional infliction of emotional distress.

Ms. Gaston, was an Assistant in the plaintiff's trial. And, She Monitored the plaintiff's Mail and phone calls while he was in pretrial detention in Livingston TX. This was in violation of the plaintiff's right to Due process.

(19) Robert Wells. Assistant U.S. attorney.
Conspiracy. 14th Amendment.

Mr. Wells. was an Assistant during the plaintiff's trial.

(20) Christina Bickham. Court Reporter
Conspiracy. 14th Amendment. 1st Amendment

Ms. Bickham, Failed to document exculpatory evidence for the plaintiff's post conviction proceedings.

On or About September 4. 2014. During trial. The plaintiff Advised the Judge, of how his trial Counsel, Mr. Burbank, refused to Allow him to review his pretrial discovery untill After trial begun. And he did not know that Most of the evidence exsisted.

This was not documented. In the plaintiff's trial transcripts. And it was in Violation of the plaintiff's Due process And equal protection of the law, As well as, Free Access to the courts.

(21) William Barlow. Attorney For United States witness Chris Kelley Conspiracy

Mr. Barlow, repersented the plaintiff's Co-defendant. Chris Kelley.

Mr. Barlow, had A Copy of the pretrial discovery. So he had Known that the goverment's case was based off of lie's. And he Failed to expose their corruption.

Instead, he advised his Client to testify Against the plaintiff And seek A 5K1.



(22) Anthony Elyas. United States Witness
Conspiracy.

Mr. Elyas, was the confidential informant who Lt. Strause used in his investigation. Mr. Elyas committed perjury about his cooperation agreement with the United States. Mr. Elyas assisted the United State's to cover up their bribery of witnesses villation's.

(23) Chris Kelley. United States Witness.
Conspiracy

Mr. Kelley, was the plaintiff's co-defendant and he committed known perjury about his criminal history, aswellas, being involved in a conspiracy with the plaintiff.

(24) John Tarver. Chief. Orange co. Sheriff's dept.
Conspiracy. Failure to train and supervise.
Failed to enforce rules, regulation's, policies.

Mr Tarver, is the chief of the Sheriff's dept. He should've known what his employee's were doing. or he approved of their misconduct.



(25) Jimmy Samual. United States witness
Conspiracy.

Mr. Samual, Committed perjury And/or testified to information that was'nt Accurate to the Facts of the plaintiffs case.
Mr. Samual, testified that the plaintiff Confessed to throwing the Fanny pack And the drugs next to the telephone pole As he pulled his vehicle onto County rd. 7079.
But the dashcam video of the pursuit proved this to have been impossible.

(26) Keith Merritt. Sheriff. Orange co. Sheriff's dept.
Conspiracy. Failure to train and supervise.

Mr. Merritt, is the Sheriff of Orange co.
He Shouldve known what his employess.
Lt. Strause, Tracy Sorge, John Tarver, were up too.
Or he approved of their misconduct.
He Shouldve set rules, regulations, policie's to prevent things like this From happening
And he Failed to enforce the rule's that were in place

(27) Laughlin. Orange Texas Narcotic's officer
Conspiracy.

Mr. Laughlin, is the narcotic's officer who assisted, Lt. Strause, in his investigation of the plaintiff on October 23, 2013. He operated the surviellance.

(28) McBride. A.T.F. Agent.
Conspiracy. 14th Amendment Due Process

Mr. McBride, was the A.T.F. Agent who investigated the Felon in possession of a Firearm count three of the plaintiff's indictment. Mr. McBride, had known that there wasn't probable cause to charge the plaintiff for the Ruger 9mm. And that Sergent Sorge was lying. And Mr. McBride withheld the identity of the civilian who reported the Ruger 9mm in the eastbound lane.

(29) Ledeaux - Beaumont Texas City Police K-9 officer.
Conspiracy. Excessive Force.

MR. Ledeaux, WAS the K-9 officer who turned the K-9 lose on the plaintiff eventhough his hand's were held high Above his head. Because Lt. Strause had him let the dog lose to attack the plaintiff, And then Allowed the K-9 to bite the plaintiff's leg for Awhile.

(30) MR. Bonner. C.J.A Attorney for U.S. witness Anthony Elyas: Conspiracy.

MR. Bonner, Assisted in the public law Bribery of A witness violation. By Allowing it to take place And not Saying Anything.

(31) Clark. Orange Co. Deputy. Conspiracy.

MR. Clark is the deputy who responded to the dispatcher's alert And then found the Ruger 9mm in the eastbound lane.. He had known that Sergent Sorge didn't witness the plaintiff throw it out.



(32) Captain. Orange Co. Sheriff's dept
Conspiracy. Failure to train and Supervise

The Captain approved of LT. Strause and Sergent Sorge to File Falsified statements and commit perjury at trial.

(33) U.S. Attorney Beaumont TEXAS
Conspiracy. 14th Amendment Due process. Failure to Supervise

The U.S. Attorney, had approved For Ms. Englade to proceed and prosecute the plaintiff's case. Eventhough, he was indicted by Fabricated and Misleading evidence. He Failed to enforce rules, policies.

(34) U. S. Attorney. Lufkin TEXAS
Conspiracy. Failure to supervise

The U.S. Attorney, Approved For Lauren Gaston, and, Robert wells to persue a prosecution that was Malicious, vindictive. And in violation of the plaintiff's Due process and equal protection of the law rights. He Failed to enforce rules regulations policies.



(35) Supervisor For Assistant united states Attorneys BeAumonT.
Conspiracy. Due process. Intentional Infliction of emotion Distress
Failure to train And supervise

This supervisor gave US Englade And Baylor Wortham, permission to Proceed to Violated the plaintiff's right to Due process And equal protection of the law, Failed to enforce policies, rules.

(36) Supervisor For Assistant U.S. Attorney's Lufkin TX,
Conspiracy. Due process. Failure to train And supervise

This supervisor gave permission to L. Gaston And R. Wells to prosecute the plaintiff's case And violate his right's to Due process And equal protection of the law. Failed to enforce.

(37) DEA Supervisor. BeaumonT TX.
Conspiracy. Due Process. Failure to train And supervise.

This supervisor gave permission to Philip Smith to violate the plaintiff's Due process right's by Filing a Fasified complaint to indict the plaintiff or he Failed to make a rule, or, enforce, Regulation to prevent his From Filing False complaints. And he gave permission to Audio record plaintiff At U.S.P. Pollock.



(38) A.T.F. Supervisor. Beaumont TX.
Conspiracy. Due process. Failure To Supervise and train

This supervisor gave permission to Agent McBride to proceed to charge the plaintiff on the Felon in possession of A Firearm Case. Eventhough, it was Malicious.

(39) C.J.A. Attorney. For Jessica Smith
Conspiracy. Due process

This attorney Assisted, Ms. Smith, to Commit perjury at the plaintiffs trial.

(40) Attorney for, Jimmy Samual. U.S. witness.
Conspiracy

This Attorney Assisted Jimmy Samual to testify Falsely.

(41) DEA Lab Tech
Conspiracy. Due process

This lab tech had known that there were an unidentified witness' fingerprints recovered from the "Meth"



(42) Two unknown Women Investigator's At U.S.P. Pollock, December 2015
Conspiracy, Due process, Intentional emotional distress, 4TH Amendment

These two investigator's Assisted in the Audio recording of the plaintiff while At Visitation.

(43) Michelle Englade, Robert Strause
(Adopted From #4 & #2)

on September 5, 2014
While At the plaintiff's trial. Ms. Englade And Lt. Strause, had A discussion while the jury were out to diberate.
LT. Strause, Asked Ms. Englade, permission to reMove the Cooperation Agreement And letter between the United States And Anthony Elyas, From pretrial discovery.
Ms. Englade, Advised, Lt. Strause. That "no" because the plaintiff had Already seen it And that She could get "disbarred." But, Ms. Englade, Advised Lt. Strause, that they could get, Philip Smith, to Fasify A report to Make it look like A conspiracy begun else where's so the plaintiff could not



Argue "govorment overreaching". But then they would also need one of Philips informants who would be willing to get on the stand and lie. Had anyone taken the case to trial, ms. Englade, advised, CT. Strause, that they would "target" the plaintiffs visitors once he got to prison. And, if he had only immediate kin on his visitation list. Then they would "target" the plaintiffs daugther. To attemp to get her to wear a wire to discuss an alleged drug transaction with the plaintiff.

(44) Robert Strause
Adopted #2

Approximately August 2015
CT. Strause, attemped to entrap the plaintiffs daugther. By having the plaintiff's counsin to attemp to arrange for the plaintiff's [illegible] daugther to obtain some pills for the counsin.

(45) Michelle Englade.
(Adoopted #4)
Ms. Englade currently has sealed Indictments on the plaintiff. But she plan's to keep them "SEALED" and push off the plaintiff's evidentiary hearing for as long as possible just so the plaintiff can't receive (43) credit for his time he is serving.



914

# INJURY

Mental and emotional distress, depression, Anxietity, Panic Attack's, nightmare's, past thought's of Suicide, Contracted Hip C., exposed to T.B., deprived of life and liberty, Family. lost home.

# RELIEF

## MONETARY

$25. Million + Punitive damage's

## Injunctive

(1) The Plaintiff would also like to be provided a deception test about all of this ↓ and,

(1) For, LT. Strause, Cedeaux, Sorge, to be provided a deception test about the K-9 Attack of plaintiff

(2) For, LT. Strauce, Jessica Smith, Mr. Templeton, to be provided a deception test about the coercion of Jessica Smith.

(3) For LT. Strause, Ms. Englade to be provided a deception test about their discussion about "D. Smith" fasifing evidence and getting his informant to lie in court.

(4) For LT. Straure to be provided a deception test about trying to entrap the plaintiff's daugther.




All of the Above named Individuals while Acting under the Color of Federal Law, As well As, State law, under the barrowed employee doctrine, Involving Several Agencie's. Using State and Federal law And it's Custom's, Policy's, rules, regulations, did So, in Concert, to violate the Plaintiff's Civil right's, Constitutional right's of the United States of America.

Where He's entitled to REDRESS

I, Jeremy James Wimberly, State that All of the Above Are true And correct Fact's to the best of my knowledge under the Penalty of Perjury. Pursuant to 28 U.S.C. 1746 Executed on August 23, 2016 x Jeremy Wimberly

JEREMY WIMBERLY 08841078
U.S.P. MCCREARY P.O. Box 3000
Pine Knot Ky. 42635


Jeremy Wimberly 08941-078
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot Ky.
42635
FOREVER USA
PURPLE HEART
AUG 25
USPS
United States District Court
Clerk of Court # suite 104
300 Willow St.
Beaumont, Texas
77701
NON-MACHINABLE
United States Penitentiary, McCreary
Pine Knot, KY 42635
Date: 8-25-16
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.