FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 17 2016

BY
DEPUTY _____

In the United States District Court for
the Eastern District of Texas
Beaumont Division

Jeremy Wimberly
    Petitioner
v.
United States of America
    Defendant

C.V. 1:16CV418

Motion Fed Rules of Civil Procedure Rule 60 B (3)(6)

Statement of Material Facts LOCAL RULE 56.1

Comes Now, Petitioner, Jeremy Wimberly, PRO-SE, an inmate at U.S.P. McCrery, Moves this Honorable Court, with this Motion of Statement of Material Facts, pursuant to Local Rule 56.1, that all facts within this motion are deemed to be totally correct and true, unless, opposed by the adverse party, the United States of America, with exhibits of the actual record, to reflect its standing. This Motion of Statement of Material Facts are in Support of the above Cause of Action, Motion Federal R. Civ. P. Rule 60 B.(3)(6)

TO WIT:

## Facts of Case As Alleged

1. On or about April 2013 Orange Co. Sheriffs dept. narcotics Dewayne Perkins, conducted a traffic stop on the vehicle being driven by the petitioner. The stop was without probable cause.

2. Officer Perkins gained permission to search the vehicle. Him and several others searched but did not find anything.

3. At that time, Orange Co. Sheriff's dept. Robert Strause arrived and conducted his own search and immediately claimed to have found meth.

4. LT. Strause failed to conduct a field test. Instead, he placed the petitioner under arrest for possession of meth.

5. The case is still pending and the petitioner seeks a fast and speedy trial. However, his presentence investigation on this current case, states that a LAB TEST has never been conducted either.

6. On September 17, 2013 LT. Strause, used confidential informant Anthony Elgas, to first "TARGET" and then to conduct an alleged buy of 28 grams of meth. The purchase was captured on video recording camera. Probable cause, was based on an alleged 14 gram buy from the night before, captured on audio tap.

2

7. However, the petitioner has never been charged for a 14 gram purchase, nor has the United State's ever disclosed a audiorecording.

8. October 23, 2013 LT. Straue, using "Elyas", conducted an alleged buy of 84 grams from the petitioner.

9. After this purchase, authorities attempted to conduct a traffic stop. But the petitioner lead them on a high pursuit chase. That ended when the petitioner stopped his vehicle and ran into a wooded area.

10. He was charged with possession of a firearm by a felon. And evading arrest. The next day, he was charged with possession of meth.

the petitioner ran into the wooded area. Where he was later discovered by a K.9 search team. The petitioner wind up with 25 staples in his leg.

10. He was charged with possession of a firearm by a convicted felon. Evading Arrest. The next day charged with possession of meth.

11. On, October 25, 2013. DEA agent Phil Smith, Filed an Affidavit/complaint in the U.S. District Court, Beaumont TX. see.. de#1 That were based on known Fabricated Allegations. That resulted in the petitioner been indicted.

12. The Affidavit/complaint state that the passeger in the vehicle, Jessica Smith. Had observed him throw out a fanny pack, that, contained 564 grams of Meth, in the exact same location, of where it was discovered at a day later, some 20 hours after they were in jail.

13. However, in the dash cam, video of the pursuit, from sergent, Tracy Sorge's, patrol unit, it shows that

@ 9

After the petitioner's vehicle passed, that the fanny pack, hadn't even been out there.

14. The petitioner's fingerprints, were not on the fanny pack, nor, the plastic drug packaging.

15. However, there were someone else's fingerprints that were recovered from the plastic drug packaging. But the United States, failed to disclose those prints.

16. The affidavit/complaint, state that an officer had observed the petitioner throw out the black Ruger 9mm pistol. out of the passenger's side window, onto the right hand side of the roadway, in the westbound lane of the interstate.

17. However, the black Ruger 9mm pistol, had not been discovered on the westbound lane, it had been discovered on the eastbound lane. After, a civilian reported it to be there to #911. The Orange co. sheriff's dept. dispatcher officer then sent out an alert to the officer's of the pistol's whereabout's. The call was made 49. minute's. after the petitioner's vehicle departed the interstate.

4/10

18. The petitioner's fingerprints were not discovered on the Luger 9mm pistol. And the United States Attorney's office failed to disclose the identity of the civilian who reported it to the sheriff's dept.

19. The Affidavit/complaint state that the petitioner distributed 84 grams of Methamphetamine to a confidential informant.

20. However, at the time of his indictment, a cooperation agreement, did not exsist, between the, confidential informant, and the United States Attorney's office. They didn't obtain an agreement with him, untill ten and a half months later, and only after they violated Public Law 18 U.S.C. 201 c.2. The Federal Anti Bribery of a witness statue.

21. On November 6, 2013. Assistant United States Attorney Michelle Englade, used the falsified allegations to indict the petitioner for, count one. Distribution and possession with intent to distribute Methamphetamine. Count two, Possession of a firearm by a drug crime. Count three, Felon in possession of a firearm.

22. However, technically speaking, the petitioner should be

11

never been indicted. And, minus, the known fabricated Allegations, he has never been indicted by prosable cause. And, is currently being detained as a violation of Due process.

23. On November 9, 2013, LT. Strause, Filed a police report, that was based on known Fabricated Allegations.

24. He stated that, Jessica Smith, seen the petitioner throw out the Fanny pack, in the exact same location as it were discovered At, the next day. Next to a telephone pole.

25. And that, Sergent Sorge, seen him throw out the black, Ruger 9 mm pistol, out of the passeger side window, onto the right hand side of the roadway, in the west bound lane.

26. November 9, 2013, United States witness, Jessica Smith, Provided a Fabricated police statement. And she Also provided a video recorded interview.

27. Ms. Smith, stated that she observed the petitioner throw out the, Fanny pack, in the exact location where it had been discovered at the next day.

28. However, she stated that she did not see him throw out the black, Ruger 9mm, pistol. And when, LT. Strause, asked her the color of the pistol, she claimed that the one she had seen, had been "Crome" in color.

29. November 13, 2013. Sergent Tracy Sorge, filed a fabricated police report. He stated that he observed the petitioner throw the black Ruger 9mm pistol, out of the driver's side, window. And that it flew over the median in the middle of the interstate, onto the eastbound lane.

30. Feburary 2014. United States witness, Jessica Smith, had went into the petitioner's Attorney's office, Mitch Templeton, to advise, him, that, LT. Strause, had coerced her, into the things that she said in her statements.

31. Ms. Smith, also provided a sworn testimony, to a court reporter, the same day. When she admitted that the petitioner had not thrown the fanny pack, out as she stated to police.

32. Ms. Smith, stated, that she didn't see the petitioner. throw out the black Ruger 9mm pistol. And she agreed to be a defence witness and testify at trial.

@ 15

33. The petitioner, provided his palm print samples twice. But the United States Attorney's office, advised, defence counsel Mitch Templeton, that the samples were unusable.

34. The Orange Co Sheriff's dept. Lt. Robert Strause, had a cooperation agreement, with, confidential informant, Anthony Elyas, to assist in the investigation, of the petitioner's case. And they compensated him for his assistance, when they dismissed a, possession of meth, case, against him.

35. The United State's Attorney's office, did not have a cooperation agreement with, Mr. Elyas, to be a witness in the prosecution of the petitioner's case.

36. And when, Assistant United States Attorney, Michelle Englade, contacted him to be a witness and enter into a cooperation agreement, anyhow. Mr. Elyas, had still refused, because, he had been promised confidentiality.

37. December 2013. Lt. Strause, raided, Mr. Elyas, home to discover a very small ammount of meth and marijuana.

38. February 2014. Assistant U.S. Attorney Michelle Englade, contacted, Mr. Elyas, again to request his cooperation but he refused again.

8/14

39. MARCH 2014. BT. Robert Strause. raided, Mr. Elyas, home again. But this time, he discovered A "SAWED OFF" Shotgun, in his back yard. And arrested him for being a felon in possesion of a firearm.

40. April 2014. Assistant U.S. Attorney Michelle Englade, indicted, Mr. Elyas. on the, felon in possesion of a firearm case. And she immediately applyed the, armed career and the career, offender, sentence, enhancements to his case.

41. Mr. Elyas, did not even have the past criminal history, predicates, to have received, neither sentence enhancement.

42. May 2014. Assistant U.S. Attorney Michelle Englade, superseded the petitioners indictment to include conspiracy meth. see dkt 54

43. July 2014. Assistant U.S. Attorney, Michelle Englade, repaneled a grand jury, to allow, defence witness, Jessica Smith, to change back over to become a "Hostile" witness for the United States.

44. And allow, Ms. Smith, to commit perjury, to the grand jury, And, state that she had seen him throw out the fanny pack, and the black Ruger 9mm pistol.

45. August 2014. The United States Attorney's office, sent, confidential informant, Anthony Elyas; Attorney, A letter. The letter stated that, if, Mr. Elyas, would agree to be a witness for the prosecution, at the petitioner's trial. Then they would grant him a promised FAVORABLE plea bargain on his Felon in possession of a firearm case.

46. But that the extent of the plea bargain, would be determined by the outcome of the trial.

47. A couple of days later. The United States and Mr. Elyas entered into a cooperation and plea agreement. That would drop both of the ARMED Career Sentence enhancements from his case, in exchange for his testimony at the petitioner's trial.

48. August 2014. At the petitioner's pre-trial, Judge Clark, ordered, Assistant U.S. Attorney, Michelle Englade, to turn over all pretrial discovery, because, she had nearly a year to do so. That she should've did so within 14 days from when the petitioner was formally charged. See dct 95, 96, 97, 98, 100, 101, 102.

49. Assistant U.S. Attorney Michelle Englade, and defense Attorney, Thomas Burbank, had agreed to a redacted version of

pg. 16

the dash cam video's of the police pursuit, to be played at trial. The redacted version, cut out, the clear view of the telephone pole of where the fanny pack, had been discovered at.

50. September 2014. At the petitioner's trial. See det #112 thru 117 Assistant U.S. Attorney, Michelle Englade, And, Baylor Wortham, granted an inmate, Jimmy Samual, who was in jail with the petitioner, a 5k1 sentence reduction or consideration toward his sentence reduction, in exchange for testimony that was not even accurate with the facts of the case.

51. Mr. Samual testified that the petitioner had confessed to having thrown out the fanny pack, in the exact location of where it had been discovered at.

52. At the petitioner's trial, Assistant U.S. Attorney Michelle Englade, Baylor Wortham, granted immunity, in exchange for known perjury to, United States witness, Jessica Smith, and to United States witness, Traly Sorge.

53. And they awarded, United States witness, Anthony Elgas, a gratuity, in exchange for testimony, after the used trickery to induce his cooperation, as well as, based the extent of

(12)

of their plea bargain, by the outcome of the trial.

54.a. The United States Failed to disclose the unidentified witness's finger prints, that were recovered on the plastic packaging of the 564 grams of Methamphetamine, as well as, Failed to disclose the identity of the civilian who reported the black Ruger 9mm pistol in the roadway.

54.B. At the petitioner's request, Defence counsel, requested that the court play the dash cam, video that showed that the Fanny pack, had not been out there after his vehicle passed the area of where it had been discovered. But, defence counsel, Failed to advise the jury, of that fact. He just allowed the video to play through and not say anything.

54.c. During, Defence counsel's cross exam of, United States witness, Jessica Smith, She stated that she didn't know where the petitioner had throwed the Fanny pack. However, defence counsel, then, abandoned the subject.

Under the penalty USC 1746 of perjury 28
Executed on September 21, 2016

Respectfully submitted,

Jeremy Wimbely
JEREMY WIMBELY 08941-078
USP McCreary
P.O. Box 3000
Pine Knot Ky. 42635

18



Jeremy J. Wimberly 08941-078
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY
42635

THE CLERK OF THE COURT
U.S. District Court
300 Willow St. Suite 104
Beaumont, TX. 77701

LEGAL

77701-221729